The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion concerning Act 545 of 1985, Act 905 of 1989, and Opinion No. 90-209, recently issued by this office, which interprets these two acts. Specifically, your question is as follows:
 When a City of the first class with a Mayor/Council form of government has passed an Ordinance requiring independent candidates to file for office no later than noon on the day before the preferential election in accordance with Act 545 of 1985 and has also passed a Resolution for party primaries pursuant to Act 905, what is the filing deadline for an independent candidate?
Your question was answered in Opinion No. 90-209, a copy of which is enclosed. It was concluded in that opinion, that although it is a close question, a court would, in all likelihood, hold that the filing deadline set by ordinance pursuant to Act 545 of 1985 would be superseded by the new deadline for independent candidates set out in Act 905 of 1989.
It was noted in Opinion No. 90-209 that A.C.A. 14-42-206
(a)(1) provides that ". . . no names shall be placed upon the general election ballot except those selected in the manner prescribed in this Act". Thus, independent candidates are required to file according to the deadline set out in Act 905. That deadline is a window period of not more than eighty nor less than sixty days prior to the municipal primary election. This conclusion applies with equal force to cities with the mayor/council form of government which have enacted a resolution under Act 905 providing for party primaries. The filing deadline is the window period set out in Act 905, and not the one adopted by ordinance under the authority of Act 545 of 1985.
The last sentence contained in footnote 1 to Opinion No.90-209 does not state a contrary conclusion. The purpose and intent of that footnote was merely to discredit the supposition proposed in the footnoted sentence. It does not stand for the proposition that the Act 545 deadline still applies in cities with the mayor/council form of government.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.